2011 OK 66

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**James C. NEELD, Respondent.**

**No. SCBD–5700.**

Supreme Court of Oklahoma.

June 27, 2011.

Ted Rossier, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, Oklahoma, for the Complainant.

Jimmy Goodman, Oklahoma City, Oklahoma, and James Tippin, Kansas City, Missouri, for the Respondent.

## RULE 6 BAR DISCIPLINARY PROCEEDING

WINCHESTER, J.

¶ 1 On October 26, 2010, the Oklahoma Bar Association (OBA) filed one count of professional misconduct against the Respondent, James C. Neeld, pursuant to Rule 6 of the Rules Governing Disciplinary Proceedings ("RGDP"). A hearing was held on December 9, 2010, before a Trial Panel of the Professional Responsibility Tribunal ("PRT").

¶ 2 The Trial Panel issued its report on December 30, 2010, adopting the facts contained in the OBA's complaint and recommending public reprimand as the appropriate discipline.

¶ 3 In February 2010, the Respondent submitted travel claims to his law firm in the amount of $1,722.74 and a request for a

travel advance in the amount of $650. Both these amounts were to be billed to a client. At the time, Respondent was a partner at the firm of Sonnenschein, Nath and Rosenthall in their Kansas City, Missouri office. When attorneys at the firm discovered discrepancies with the travel claims, they reviewed them with the Respondent. Respondent admitted falsifying the claims and was terminated by the firm.

¶ 4 Respondent is licensed both by the states of Missouri and Texas. Disciplinary proceedings initiated first with the Missouri Bar Association when Respondent self-reported his actions. The Missouri Office of Chief Disciplinary Counsel deemed public reprimand to be the appropriate discipline. The Texas Bar Association also issued a public reprimand in response to Respondent's actions in this matter.

¶ 5 Testimony before the Trial Panel and admitted exhibits constitute clear and convincing evidence that Respondent violated Rule 1.5 of the ORPC because the falsified travel claims would have been charged to the client had the firm not intervened. Additionally, preparing the fraudulent claims and making false statements violates Rule 8.4(c) by engaging in conduct involving dishonesty, fraud, deceit or misrepresentation. Respondents actions also brought discredit upon the legal profession, violating Rule 1.3 of the Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1–A.

¶ 6 As mitigation, Respondent self-reported his actions, notified clients and returned the fraudulent advances. Our de novo review finds the appropriate discipline to be a public reprimand. Respondent is ordered to pay costs in the amount of $637.98 within 90 days after this opinion becomes final in accordance with Rule 6.16 of the RGDP.

### RESPONDENT PUBLICLY REPRIMANDED AND ORDERED TO PAY COSTS

ALL JUSTICES CONCUR.